IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GPATT PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 5:22-cv-02052 |
| | ) | |
| v. | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| KENT STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF DEFENDANT KENT STATE UNIVERSITY FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Defendant, Kent State University ("Kent State" or the "University"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(c), hereby moves this Honorable Court for an order dismissing Counts I (with respect to claims arising under R.C. 4112.02, et seq. only), II, III, and IV of Plaintiff's Amended Complaint (Doc #: 3). As further developed in the attached Memorandum in Support, these claims for relief are barred in this Court by the University's sovereign immunity as embedded in the Eleventh Amendment to the United States Constitution. Because the State has not waived and Congress has not abrogated the University's immunity for claims arising under 42 U.S.C. § 1983 and Ohio law, Counts I (with respect to Ohio law claims only), II, III, and IV of Plaintiff's Amended Complaint should be dismissed.

Dated: January 26, 2023               Respectfully submitted,

                                                   DAVID A. YOST (0056290)
Attorney General of Ohio

/s/ *Daniel J. Rudary*
Daniel J. Rudary (0090482)
**BRENNAN, MANNA & DIAMOND, LLC**
75 E. Market Street
Akron, OH 44308
Phone:      (330) 253-5060
Fax:          (330) 253-1977
E-mail:     djrudary@bmdllc.com

*Special Counsel for Defendant Kent State University*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GPATT PATTERSON, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 5:22-cv-02052 |
| | ) |
| v. | ) |
| | ) JUDGE JOHN R. ADAMS |
| KENT STATE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KENT STATE UNIVERSITY'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Defendant, Kent State University ("Kent State" or the "University") respectfully submits this Memorandum of Points and Authorities in Support of the University's Motion for Partial Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

**I.      SUMMARY OF THE ALLEGATIONS**

Plaintiff GPatt Patterson ("Patterson") is employed by the University as a tenured assistant professor of English. By way of an Amended Complaint filed on November 15, 2022, Patterson alleges that they[1] were denied a promotion to the position of Director of the University's Center for Sexuality and Gender Studies. Plf.'s Am. Compl. (Doc #: 3) at ¶¶ 27-49. Patterson also alleges that they were denied the opportunity to transfer their tenure from the University's Tuscarawas campus to the University's main campus in Kent, Ohio. *Id.* at ¶¶ 51-89. To date, Patterson has not been terminated, demoted, had their pay reduced, or been re-assigned to a position with significantly different responsibilities. Nonetheless, Patterson's Amended

---

[1] Patterson's Amended Complaint alleges that the "they," "them," and "their" pronouns refer to Patterson. Accordingly, the University will use these pronouns to refer to Patterson for purposes of this Motion. *See* Plf.'s Am. Compl. (Doc #: 3) at ¶ 11.

1

Complaint asserts claims against the University for sex discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Ohio Civil Rights Act, R.C. 4112.02, et seq. (Count I), deprivation of constitutional rights under 42 U.S.C. § 1983 (Counts II and III), and breach of oral contract (Count IV). For the reasons that follow, Counts I (with respect to Plaintiff's R.C. 4112.02 claim only), II, III, and IV of the Amended Complaint fail as a matter of law and should be dismissed.

## II. LAW & ARGUMENT

### A. To Avoid Dismissal Under Fed. R. Civ. P. 12(c), Counts II, III, and IV of Plaintiff's Complaint Must Plausibly Allege Facts Giving Rise to Recovery Under a Viable Legal Theory.

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir.2010). Under this familiar standard, the Court must construe the complaint in a light most favorable to plaintiff and accept all well-pleaded factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir.2007). A complaint will survive a motion to dismiss if it contains allegations "respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988); *see also Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993) ("The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true.").

Applying this standard, Count II, III, and IV of Plaintiff's Amended Complaint fail even if all of Patterson's factual allegations are accepted as true. Those claims should therefore be dismissed.

    **B.**     **Plaintiff's 42 U.S.C. § 1983 Claims Are Barred by Sovereign Immunity; Alternatively, the University is Not a "Person" Who May be Sued Under § 1983.**

Counts II and III of Plaintiff's Complaint fail as a matter of law on at least two independent grounds. First, the University is an arm of the State entitled to sovereign immunity under the Eleventh Amendment. Second, and regardless of immunity, the University is not a "person" who may be sued under 42 U.S.C. § 1983. Because these fundamental principles of law preclude the assertion of § 1983 claims against the University, Counts II and III of Plaintiff's Complaint should be dismissed.

    **1.**     *The Eleventh Amendment deprives federal courts of subject matter jurisdiction over suits by a state's own citizens.*

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONSTITUTION, AMENDMENT XI. The immunity from suit granted to the States by the Eleventh Amendment "is far reaching." *Thiokol Corp. v. Dept. of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir.1993). "It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *Id.* (internal citations omitted); *see also Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) ("an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). Accordingly, "the sovereign immunity guaranteed by [the Eleventh] Amendment deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity." *Russell*, 784 F.3d at 1046.

3

Because the University is an "arm of the state" and no exception to immunity applies, Plaintiff's § 1983 claims should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

## 2. Kent State University is an "arm of the state" entitled to Eleventh Amendment immunity.

"Eleventh Amendment immunity applies only against state governments and entities that can be considered 'arms of the state.'" *J.S. Haren Co. v. Macon Water Auth.*, 145 Fed.Appx. 997, 998 (6th Cir.2005). Under this standard, "[s]tate universities and colleges almost always enjoy Eleventh Amendment immunity." *U.S. ex rel Diop v. Wayne Cty. Community College Dist.*, 242 F.Supp.2d 497, 526 (E.D.Mich.2003). Indeed, the Sixth Circuit and the Northern District of Ohio have specifically held that Kent State "is an 'arm of the state' entitled to Eleventh Amendment immunity." *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 816 (6th Cir.2000); *see also Roberto v. Kent State Univ.*, N.D.Ohio No. 5:16CV1305, 2017 WL 1155563, *2 (March 28, 2017) (Adams, J.) ("It appears undisputed that Kent State must be dismissed as a defendant from this matter based upon Eleventh Amendment immunity."). While the Sixth Circuit's clear position should be enough to end the inquiry, a brief review of the four-factor test for determining whether an institution is an "arm of the state" only reinforces this conclusion.

In *Ernst v. Rising*, 427 F.3d 351, 359 (6th Cir.2005), the Sixth Circuit held that a district court should consider the following factors when determining whether an entity is an "arm of the state": (1) the state's potential liability for a judgment against the entity, (2) the language by which state statutes, and state courts refer to the entity and the degree of state control and veto power over the entity's actions, (3) whether state or local officials appoint the board members of the entity, and (4) whether the entity's functions fall within the traditional purview of state or

4

local government. In this case, each of those factors supports the conclusion that the University is an "arm of the state" under the Eleventh Amendment.

With respect to the first factor, the Sixth Circuit has observed that "if a state's constitution and statutory law make the state responsible for funding an entity, that reality makes the state potentially responsible for a judgment against it." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 776 (6th Cir.2015) (*citing Ernst*, 427 F.3d at 351-52). In this case, it cannot be disputed that the University is a statutory creation of the Ohio General Assembly and is funded by the State of Ohio. *See* R.C. 3341.01; R.C. 3341.06. Insofar as Ohio statutory law makes the State of Ohio responsible for funding the University, the State is potentially liable for any judgment against it. *See Kreipke*, 807 F.3d at 776.

Next, Ohio statutes give the State extensive power in managing the University. R.C. 3341.02, for example, provides that the governor of the State of Ohio shall appoint the University's board of trustees "with the advice and consent of the senate." R.C. 3341.02(C). State judicial opinions also refer to the University as an "instrumentality of the state." *Lewis v. Kent State Univ.*, 8th Dist. Cuyahoga No. 93727, 2010-Ohio-3724, ¶ 12.

Finally, the University's functions fall within the traditional powers of state government. *See Kreipke*, 807 F.3d at 779 (collecting cases holding that "higher education is a function within the traditional purview of state government."). In light of the Sixth Circuit's recent precedent and a review of the *Ernst* factors, it cannot be disputed that the University is indeed an "arm of the state" for purposes of Eleventh Amendment immunity.

       **3.**    ***Ohio has not waived and Congress has not abrogated the University's sovereign immunity.***

Having established that the University is an "arm of the state" for purposes of Eleventh Amendment immunity, it is necessary to consider exceptions to that immunity. The Sixth Circuit

5

has recognized that "[t]he Eleventh Amendment has no application under two circumstances: 1) where a state has itself waived its immunity from federal suit; and 2) where Congress has abrogated the states' immunity." *Thiokol Corp.*, 987 F.2d at 381.

Neither exception applies. First, "Ohio has not waived its sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir.1999). This is true even though the State has consented to suit in the Ohio Court of Claims. *See id.* ("a State may retain Eleventh Amendment immunity from suit in federal court even if it has waived its immunity and consented to be sued in its state courts."); *Leverett v. State*, 61 Ohio App.2d 35, 37, 399 N.E.2d 106, 108 (10th Dist.1978) (holding that federal courts do not have concurrent jurisdiction over cases in which the state has consented to be sued exclusively in the Court of Claims).

Next, it is well settled that "Congress has not abrogated state sovereign immunity in suits under 42 U.S.C. § 1983." *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir.1993); *see also Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992). Accordingly, and because Kent State University is an arm of the state and no exception to sovereign immunity applies, the Eleventh Amendment requires that Patterson's § 1983 claims be dismissed for lack of subject matter jurisdiction and failure to state a claim.

### 4. *Kent State University is not a "person" who may be sued under 42 U.S.C. § 1983.*

Alternatively, and irrespective of immunity, the University (as an arm of the State) is not a "person" who may be sued under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989) (holding, "a State is not a 'person' within the meaning of § 1983."); *McKenna v. Bowling Green State Univ.*, 568 Fed.Appx. 450, 456 (6th Cir.2014) (holding that Bowling Green State University is not "a 'person' subject to suit under § 1983."); *Biggin v. Ohio*, N.D.Ohio No. 3:17-CV-2193, 2019 WL 3500921, *3 (Aug. 1, 2019) ("The Supreme Court has explained that a

6

state is not a person 'within the meaning of § 1983.'"). Accordingly, and irrespective of the sovereign immunity, Plaintiff has failed to state a claim against the University under § 1983.

      **C.    The Court Lacks Subject Matter Jurisdiction the Companion State Law Claims Asserted in Counts I and IV of Plaintiff's Amended Complaint.**

Plaintiff's state law claims for sex discrimination under R.C. 4112.02, et seq. (Count I) and breach of oral contract (Count IV) should also be dismissed for lack of subject matter jurisdiction and failure to state a claim. "The Eleventh Amendment of the United States Constitution bars federal court jurisdiction over pendent state law claims against nonconsenting states or state officials." *Campbell v. Ohio Dept. of Rehab. & Correction*, S.D.Ohio No. 2:21-CV-4223, 2022 WL 3682293, *7 (Aug. 25, 2022) (*citing Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120-21 (1974)). To be clear, the State of Ohio has not waived its sovereign immunity by consenting to federal court jurisdiction over Ohio law claims against the State. *See, e.g.*, *State of Ohio v. Madeline Marie Nursing Home*, 694 F.2d 449 (6th Cir. 1982); *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 954 (6th Cir. 1987) (en banc); *McCormick v. Miami Univ.*, 693 F.3d 654, 664 (6th Cir.2012) ("Congress has not abrogated the Eleventh Amendment for state law claims, nor has Ohio waived sovereign immunity.").

Rather, Ohio has waived its sovereign immunity only as to actions filed in the Ohio Court of Claims. *See* R.C. 2743.02. Therefore, any state law claims against the University are barred in this Court by sovereign immunity as embedded in the Eleventh Amendment. *See Pennhurst*, 465 U.S. at 121; *Alia v. Michigan Supreme Court*, 906 F.2d 1100, 1102 (6th Cir. 1990); *Mack v. Holcomb*, 446 F. Supp.2d 777, 781 (N.D. Ohio 2006). Patterson's state law oral contract claim against the University should therefore be dismissed for lack of subject matter jurisdiction and failure to state a claim.

### III.  CONCLUSION

Pursuant to the argument and authorities cited herein, Defendant Kent State University respectfully moves this Honorable Court for an order pursuant to Fed. R. Civ. P. 12(c) dismissing Counts I (Ohio law only), II, III, and IV of Plaintiff's First Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Dated: January 26, 2023

Respectfully submitted,

DAVID A. YOST (0056290)
Attorney General of Ohio

/s/ *Daniel J. Rudary*
Daniel J. Rudary (0090482)
**BRENNAN, MANNA & DIAMOND, LLC**
75 E. Market Street
Akron, OH  44308
Phone: (330) 253-5060
Fax: (330) 253-1977
E-mail: djrudary@bmdllc.com

*Special Counsel for Defendant Kent State University*

## LOCAL RULE 7.1(F) CERTIFICATION

I hereby certify that the foregoing above-captioned case pending in the United States District Court, Northern District of Ohio, Eastern Division, is as of this filing unassigned, and that the foregoing Memorandum of Points and Authorities in Support of Defendant's Motion for Partial Judgment on the Pleadings complies with the requirements of Local Rule 7.1(f).

>/s/ *Daniel J. Rudary*
>*Special Counsel for Defendant Kent State University*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of January, 2023 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>/s/ *Daniel J. Rudary*
>*Special Counsel for Defendant Kent State University*

4893-3328-3655, v. 1